IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND OUTDOOR, INC. D/B/A ) <br> HEARTLAND OUTDOOR, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WILLIAM J. MILLER ) <br> Director of Industry Operations ) <br> Bureau of Alcohol Tobacco ) <br> Firearms and Explosives, ) <br> ) <br> Respondent. ) | Case No. _____ |

**VERIFIED PETITION FOR JUDICIAL REVIEW**

Now comes the Petitioner, Heartland Outdoor, Inc. d/b/a Heartland Outdoor ("Heartland Outdoor"), by and through counsel, and for its Petition for Judicial Review of Respondent's July 20, 2023 Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License, states as follows:

1. This is a petition for *de novo* judicial review of the revocation of a federal license as a dealer in firearms other than destructive devices, and this action is being timely brought pursuant to 18 U.S.C. 923(f)(3) and its related regulations.

**PARTIES**

2. Heartland Outdoor, Inc. is a Kansas for-profit corporation with its principal place of business in South Hutchinson, Kansas. Heartland Outdoor is a federally licensed firearms dealer engaged in the business of firearm sales.

3. Respondent, William J. Miller ("DIO Miller") is the Director of Industry Operations of the Kansas City Field Division of the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF"). Heartland Outdoor operates its business within the jurisdiction of the Kansas City Field Division and DIO Miller.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq,* and its related regulations.

5. Venue is proper in the District of Kansas, as Heartland Outdoor's principal place of business is located within the district in South Hutchinson, Kansas.

## FACTS

6. A Notice to Revoke or Suspend License and/or Impose a Civil Fine dated January 31, 2023 was sent by ATF notifying Heartland Outdoor that its federal firearms license as a dealer in firearms ("FFL") was being revoked.

7. Heartland Outdoor timely requested an administrative hearing with respect to the revocation of its FFL pursuant to 18 U.S.C. 923(f)(2), and a hearing was held in Kansas City, Missouri on May 11, 2023. Heartland Outdoor was not represented by counsel at the administrative hearing.

8. Heartland Outdoor received a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License from DIO Miller (the "Final Notice"), issued July 20, 2023. The Final Notice revoked Heartland Outdoor's FFL effective fifteen days from Heartland Outdoor's receipt of the Final Notice; however, in a letter dated August 1, 2023, ATF extended the effective date to September 11, 2023 for

disposition of Heartland Outdoor's existing inventory (while prohibiting acquisition of additional inventory and full operation under Heartland Outdoor's FFL).

9. The Final Notice sets forth certain purported findings of fact and conclusions of law regarding DIO Miller's revocation of Heartland Outdoor's FFL with respect to, among other things, alleged violations of the Gun Control Act and whether such alleged violations were committed by Heartland Outdoor willfully.

## COUNT I
### Untimely Record of Dispositions

10. The foregoing paragraphs are incorporated as if restated in full herein.

11. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. § 478.125(c) on sixteen occasions by failing to timely record the disposition of firearms in its required Acquisition and Disposition record.

12. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(1)(a) or 27 C.F.R. § 478.125(c) because, to the extent that any violation occurred, such was inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT II
### Failure to Conduct NICS Check

13. The foregoing paragraphs are incorporated as if restated in full herein.

14. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 on one occasion by transferring a firearm to an unlicensed person without first contacting the National Instant Criminal Background Check System ("NICS").

15. Heartland Outdoor did not willfully violate 18 U.S.C. § 922(t) or 27 C.F.R. § 478.102 because, to the extent that any violation occurred, it was inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT III
## Failure To Timely Report Multiple Handgun Sales

16. The foregoing paragraphs are incorporated as if restated in full herein.

17. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126(a) on eighteen occasions by failing to timely report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person.

18. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(3)(A) or 27 C.F.R. § 478.126(a) because, to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT IV
## Failure to Report Theft/Loss

19. The foregoing paragraphs are incorporated as if restated in full herein.

20. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(6) and 27 C.F.R. § 478.39(a) on one occasion by failing to timely report the theft or loss of a firearm from its inventory within 48 hours of the theft or loss being discovered.

21. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. § 478.123(a) because, to the extent that a violation occurred, it was inadvertent,

not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT V
## False Statement or Representation

22. The foregoing paragraphs are incorporated as if restated in full herein.

23. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 924(a)(1)(A) and 27 C.F.R. § 478.128(c) on one occasion by failing to timely report the theft or loss of a firearm from its inventory within 48 hours of the theft or loss being discovered.

24. Heartland Outdoor did not willfully violate § 924(a)(1)(A) and 27 C.F.R. § 478.128(c) because, to the extent that a violation occurred, it was inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT VI
## Incomplete/Inaccurate ATF Form 4473

25. The foregoing paragraphs are incorporated as if restated in full herein.

26. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1) on six occasions by failing to obtain a complete and/or accurate ATF Form 4473 from the transferee.

27. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. § 478.124(c)(1) because, to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT VII

### Failure to Correctly Record Identification

28. The foregoing paragraphs are incorporated as if restated in full herein.

29. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(1) on eight occasions by failing to verify or accurately note the type of identification on a Firearms Transaction Record.

30. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. § 478.124(c)(3)(1) because, to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT VIII
### Inaccurate Recording of Dispositions to Non-Licensees

31. The foregoing paragraphs are incorporated as if restated in full herein.

32. In the Final Notice, DIO Miller found that Heartland Outdoor willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(c)(3)(iv) on nine occasions by failing to record all NICS information on a Firearms Transaction Record.

33. Heartland Outdoor did not willfully violate 18 U.S.C. § 923(g)(1)(A) or 27 C.F.R. § 478.123(c)(3)(iv) because, to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation.

## COUNT IX
### Equal Access to Justice Act

34. The foregoing paragraphs are incorporated as if restated in full herein.

35. Under 28 U.S. Code § 2412, Heartland Outdoor seeks recovery of reasonable costs and attorney fees associated with bringing this action.

## COUNT X
### Injunctive Relief

36. The foregoing paragraphs are incorporated as if restated in full herein.

37. Heartland Outdoor is entitled to injunctive relief in the form of a temporary restraining order and preliminary injunction.

38. Respondent's enforcement of the revocation of Heartland Outdoor's FFL, absent injunctive relief, will result in immediate and irreparable harm. Specifically, Heartland Outdoor's operations will be damaged such that whether it has an FFL at that point simply will not matter and success on the merits of this case will be a Pyrrhic victory.

39. The issuance of requested injunctive relief will not cause undue harm, substantial inconvenience or loss to Respondent, and on balance, whatever inconvenience that may be caused to Respondent is substantially less than the actual injury to Heartland Outdoor.

40. The public will not be adversely affected by the issuance of a TRO and preliminary injunction, and in fact, the public's interest will be protected by such.

41. Heartland Outdoor can demonstrate a probability of success on the merits, or alternatively, serious questions going to the merits, such that the balance of hardship

sharply favors the protection of its interests by the issuance of a TRO and ultimately a preliminary injunction.

## COUNT XI
### Declaratory Judgment

41. The foregoing paragraphs are incorporated as if restated in full herein.

42. Upon the effective date of revocation, all firearms remaining in Heartland Outdoor's inventory must be logged out of Heartland Outdoor's acquisition and disposition records and all required records turned into ATF's out-of-business records center along with Heartland Outdoor's FFL.

43. Upon revocation of Heartland Outdoor's FFL, all firearms remaining in Heartland Outdoor's inventory remain the property of Heartland Outdoor, as a non-licensee, because non-licensee individuals and entities are permitted to own firearms and transfer them unless they are otherwise prohibited as a matter of law.

44. Under 28 U.S.C. § 2201, Heartland Outdoor seeks a declaration that, upon revocation of its FFL, it is free to dispose of those firearms that are in its existing inventory by any legal means available to non-licensees in the State of Kansas.

45. Heartland Outdoor further seeks a declaration that it is not required to transfer its property to another FFL, whether through sale, consignment, or otherwise, or wait any particular amount of time before legally disposing of any remaining inventory through private party sales.

WHEREFORE, Heartland Outdoor respectfully requests that this Honorable Court enter judgment in its favor and against DIO Miller, declare that sufficient grounds for revoking Heartland Outdoor's FFL do not exist, order that the Final Notice is rescinded and that Heartland Outdoor's FFL is reinstated, grant petitioner's declaratory

relief, award costs and reasonable attorney fees, and award any further relief deemed just and appropriate.

DATED: September 1, 2023        Respectfully submitted,

By:  */s/ Scott Nehrbass*

Scott Nehrbass, #16285
FOULSTON SIEFKIN LLP
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210-4041
Telephone:  (913) 253-2144
Fax:  (913) 498-2101
snehrbass@foulston.com

Jeff P. DeGraffenreid, #15694
FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206
Telephone: (316) 291-9788
Fax: (316) 267-6345
jdegraffenreid@foulston.com

Scott L. Braum (*pro hac vice* to be submitted)
*Email*: slb@braumrudd.com
Timothy R. Rudd (*pro hac vice* to be submitted)
*Email*: trr@braumrudd.com
SCOTT L. BRAUM & ASSOCIATES, LTD.
812 East Franklin Street, Suite C
Dayton, Ohio 45459
Telephone: (937) 396-0089
Fax: (937) 396-1046

ATTORNEYS FOR PETITIONER

## VERIFICATION

I, Roger Theede, Responsible Person on behalf of Heartland Outdoor, Inc., verify under the pains and penalties of perjury that I am personally aware of the facts regarding this matter, and that the facts set forth in the foregoing Verified Petition for Judicial Review are true and correct to the best of my knowledge, information, and belief.

*[signature]*
Roger Theede, Responsible Person
Heartland Outdoor, Inc. d/b/a
Heartland Outdoor

State of Kansas    )
                   )  ss:
County of Reno     )

Signed and sworn to before me by Roger Theede on this 30th day of August, 2023.

*[signature]*
Notary Public

JESSICA GARCIA
Notary Public - State of Kansas
My Appt. Expires 01/29/2024

10