**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____, filed by: _____

or

☑ License Number 5-48-155-01-5D-01459 _____ as a/an

Dealer of Firearms Other Than Destructive Devices _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
Hearltand Outdoor, Inc.
d/b/a Heartland Outdoor
1 Heartland Drive
South Hutchinson, Kansas 67505

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

    ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____ .

    ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

    ☐ licensee is fined $ _____ , payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

    ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

    ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____

    ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☑ 15 calendar days after receipt of this notice, or ☐ _____

    ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

    ☐ licensee is fined $ _____ , payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at _____

prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

**EXHIBIT 4**

ATF Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature | |
|---|---|---|---|
| 07/20/2023 | William Miller, Director, Industry Operations, Kansas City Field Division | WILLIAM MILLER | Digitally signed by WILLIAM MILLER Date: 2023.07.20 14:06:56 -05'00' |

I certify that, on the date below, I served the above notice on the person identified below by:

[✓] Certified mail to the address shown below.
Tracking Number: 95890110527001847746586  Or

[ ] Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| Print Name and Title of Person Served | | Signature of Person Served |

Address Where Notice Served

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

*Washington DC*

www.atf.gov

# IMPORTANT NOTICE

### Selling Firearms AFTER Revocation, Expiration, or Surrender of an FFL

Former Federal Firearms licensees (FFLs) who continue to sell firearms after the revocation, expiration, or surrender of their license are subject to the same rules as persons who have never been licensed in determining whether they are "engaged in the business" of selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Accordingly, former licensees who wish to dispose of any remaining business inventory must adhere to the following guidance:

Business inventory must be disposed of by the former FFL in a manner that, objectively, does not constitute being engaged in the business of dealing in firearms using the same facts and circumstances test that would apply to persons who have never been licensed.

The preferred manner of disposition is for the former licensee to:

- Arrange for another FFL to purchase the business inventory (and other assets) of the business; or
- Consign the inventory to another FFL to sell on consignment, or at auction.

Should a former FFL decide against those options, he/she should be aware that future sales - whether from his/her personal firearms collection or otherwise - will be evaluated for a potential violation of 18 U.S.C. § 922(a)(1)(A), just as would occur with a person who had never been licensed.

If a former FFL is disposing of business inventory, the fact that no purchases are made after the date of license revocation, expiration, or surrender does not immunize him/her from potential violations of 18 U.S.C. § 922(a)(1)(A). Instead, business inventory acquired through repetitive purchases while licensed are attributed to the former FFL when evaluating whether subsequent sales constitute engaging in the business of dealing in firearms without a license.

ATF remains committed to assisting former licensees in complying with Federal firearms laws. If you have questions, please contact your local ATF office.

CURTIS GILBERT
Digitally signed by CURTIS GILBERT
Date: 2022.04.04 16:12:22 -04'00'

Curtis Gilbert
Deputy Assistant Director (Industry Operations)
Field Operations

Page 2 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

## I. INTRODUCTION

1.     Heartland Outdoor, Inc. d/b/a Heartland Outdoor, 1 Heartland Drive, South Hutchinson, Kansas 67505 ("Licensee"), holds a Federal firearms license as a Dealer of Firearms Other Than Destructive Devices (# 5-48-155-01-5D-01459), issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") pursuant to the Gun Control Act of 1968 ("GCA"), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

2.     In June 2022, ATF initiated a compliance inspection of Licensee. As a result of the inspection, Licensee was cited for multiple violations of the regulations as provided in the Report of Violations issued to Licensee on October 4, 2022, at which time Licensee reviewed the document and provided responses to the violations. [Gov. Ex. 3].

3.     On January 31, 2023, ATF issued Licensee a Notice to Revoke License ("Notice"), ATF Form 4500 (5300.4) [Gov. Ex. 1] alleging that Licensee had willfully violated the GCA. Licensee, through responsible persons ("RPs") Steven Theede and Roger Theede, timely requested a hearing to review the Notice, and ATF then issued a Notice of Hearing scheduling the hearing. [Gov. Ex. 1]. The hearing was held on May 11, 2023, at the ATF Kansas City Field Division Office.

4.     The hearing was conducted by myself, ATF Kansas City Field Division Director, Industry Operations ("DIO") William J. Miller. I was represented by ATF Kansas City Field Division Senior Attorney Jordan Bergus, appearing for the Government. ATF Industry Operations Investigator ("IOI") Daniel Ferris appeared on behalf of the Government. Licensee appeared personally by and through Licensee's RPs Steven Theede and Roger Theede and employee Jenny Lee.

5.     The hearing was recorded and transcribed through a court reporting service. Government Exhibits 1 through 13 were submitted into the record. Licensee did not submit any exhibits into the record.

6.     The statements and corresponding Government exhibits established that each of the Violations (2 through 9) occurred as documented and detailed in the Notice and corresponding Appendix. [*See* Gov. Exs. 1-13].

## II. FINDINGS

7.     I find the inspection disclosed the factual grounds demonstrating Licensee committed each of the Violations 2 through 9 as set forth in the Notice, that Licensee knew of the legal obligations to comply with these regulatory requirements, and that each of these violations occurred willfully. In making this determination I find the following:

   a.     ATF reviewed the applicable laws and regulations with Licensee at the qualification inspection in 2007 and during a compliance inspection in 2017 [Gov. Ex. 2];

Page 3 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

      b.      Following these respective inspections, Licensee acknowledged awareness of the legal requirements and responsibilities to hold a Federal firearms license. [Gov. Ex. 2]. Over the years, Licensee also demonstrated the ability to properly comply with the regulations. This is evidenced by a compliance inspection in 2017 that identified minimal violations,[1] and many instances of Licensee properly completing and maintaining required records and ATF Forms. Similarly, Licensee repeatedly demonstrated the ability to properly conduct background checks on non-licensed transferees.

8      Violation 2 of the Notice alleges on 16 occasions that Licensee willfully failed to timely record the disposition of firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. 478.125(e). The Government, through the statements of IOI Ferris, presented information that Licensee failed to record the disposition of these firearms in its required Acquisition and Disposition record. These firearms were reported as "missing" via a theft loss report and their whereabouts are unknown. [Gov. Ex. 6; Hearing Transcript ("HT"), pgs. 46-53] Although not an element of the violation, I note that when a firearm goes missing from inventory there is an additional risk to public safety and this hinders traceability of these firearms. I also note that the original violation included 43 instances of untimely recorded dispositions, but the 27 reconciled firearms were not cited in the Notice. [HT, pg. 47-48]. Licensee offered no explanation for the failure to properly record the disposition of these firearms at the hearing. Licensee did offer that one firearm has since been located, leaving 15 firearms unaccounted for at present. [HT, pgs. 53-54]. At the closing conference, RP Roger Theede stated, "Well, since you've been here, I've been doing it all," offering no real defense to the allegations. Nonetheless, Licensee's failure to document the disposition of firearms in a timely manner (or at all) in violation of the regulatory requirement demonstrated willful disregard of its legal obligations and in doing so, undermines the essential public safety purpose of the GCA.

Licensee had previously been counseled during the qualification and compliance inspection process regarding GCA legal requirements and obligations concerning record keeping of the acquisition and disposition of firearms. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

9.      Violation 3 of the Notice alleges one occasion that Licensee willfully transferred a firearm to an unlicensed person without first contacting the National Instant Criminal Background Check System ("NICS") before allowing the transfer, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102. The Government, through the statements of IOI Ferris, presented information that Licensee failed to conduct NICS checks and instead accepted an expired permit as an alternative to a NICS check. [Gov. Ex. 7; HT, pgs. 57-60]. RP Roger Theede acknowledged that it accepted an expired permit at the closing conference. [Gov. Ex. 3]. At the hearing, Licensee, through RP Roger Theede, did not offer a defense to the allegation and instead admitted the failure to properly conduct this NICS check was "an oversight," which is an implicit recognition of its obligation to conduct NICS checks and the knowledge of how to complete them. [HT, pg. 61].

---

[1] Licensee acknowledged that violations concerning the ATF Form 4473 were discovered in the 2017 compliance inspection, however, Licensee was not formally cited for unknown reasons. [*See* HT, pg. 140].

Page 4 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification and compliance inspection process as it concerns conducting NICS checks and proper alternatives to running a NICS check. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

10.    Violation 4 of the Notice alleges 18 occasions that Licensee willfully failed to timely report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. The Government, through the statements of IOI Ferris, presented information that Licensee either entirely failed to complete an ATF Form 3310.4 to report multiple sales of pistols and/or revolvers or did so in an untimely fashion. [Gov. Ex. 8; HT, pgs. 62-71]. This legal obligation is of particular relevance to ATF's overall mission because the completion of ATF Forms 3310.4 supports ATF's public safety goal of eliminating firearms trafficking. [HT, pg. 64]. IOI Ferris stated that the ATF Form 4473 highlights in bold, under Items 33-35, when an ATF Form 3310.4 is required and the timing of such report. [HT, pg. 64]. Lastly, IOI Ferris testified that he observed instances in which Licensee properly completed multiple sales reports, which is further indicative of Licensee's knowledge of the legal requirement to do so. [HT, pg. 71]. At the closing conference, RP Roger Theede acknowledged that ATF Forms 3310.4 must be transmitted the same day, showing knowledge of the legal requirement to do so. [Gov. Ex. 3]. At the hearing, Licensee, through RP Roger Theede, contradicted himself, stating that he was unaware of the requirement that ATF Forms 3310.4 be submitted by the close of business on the day of the triggering event but, when confronted on cross-examination, admitted that the ATF Form 4473 explicitly states that requirement. [HT, pgs. 71-72]. Therefore, I find that if RP Theede's first statement is true, Licensee was aware of the legal requirement to timely transmit ATF Forms 3310.4 and disregarded said requirement. Alternatively, the second statement could only be true due to plain indifference to clear language of the ATF Form 4473. In either event, Licensee's noncompliance was willful.

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification and compliance inspection process as it concerns the reporting of multiple sales of pistols and/or revolvers. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

11.    Violation 5 of the Notice alleges one occasion that Licensee willfully failed to report the theft or loss of a firearm from its inventory within 48 hours of the theft or loss being discovered, in violation of 18 U.S.C. § 923(g)(6) and 27 C.F.R. § 478.39a. Specifically, Licensee listed a firearm bearing serial number UK2741 as "Missing in Action 4-8-2022" in its Acquisition and Disposition Record but did not report the firearm missing until instructed to do so during the compliance inspection. The Government, through the statements of IOI Ferris, presented information that Licensee failed to timely report a firearm missing from inventory. [Gov. Ex. 9; HT, pgs. 73-78]. On cross examination at the hearing, Licensee, through RP Roger Theede, acknowledged that it was aware a firearm was missing as of April 8, 2022, but failed to report it. [HT, pg. 81]. Theede instead asserted that he was not aware of the 48-hour requirement to report lost or stolen firearms. [*Id.*]. Theede did acknowledge that he was expressly advised, by way of

Page 5 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

the acknowledgement form, of the requirement to report missing firearms in 2007 and 2017. [Gov. Ex. 2; HT, pgs. 85-87].

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification and compliance inspection process as it concerns the reporting of missing firearms. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

12. Violation 6 of the Notice alleges one occasion that Licensee willfully made a false statement or representation with respect to information required by the GCA, in violation of 18 U.S.C. §924(a)(1)(A) and 27 C.F.R. § 478.128(c). Specifically, on December 11, 2021, Patti Norris attempted to purchase a firearm, was delayed, and was eventually denied on December 16, 2021. On December 16, 2021, Buddy Norris purchased the same firearm. Patti and Buddy Norris indicated they reside at the same address on their respective ATF Forms 4473. The Government, through the statements of IOI Ferris, presented information that Licensee made a false statement in certifying that Buddy Norris was the actual purchaser of the firearm when it already had knowledge that Patti Norris stated she was the actual purchaser of the firearm. [Gov. Ex. 10; HT, pgs. 87-100]. Licensee, through RP Roger Theede, contested this violation on the basis that Patti Norris had told him that she was purchasing the firearm as a gift for her husband. [HT, pg. 100]. Licensee acknowledged that it knew that Patti Norris stated she was the actual purchaser, but continued to insist that, at the point she was denied, she was no longer the actual purchaser. [HT, pgs. 100-108]. Even when confronted with the fact that that the law does not allow for a fluid definition of "actual purchaser" based upon the prohibited status of the buyer, Theede continued to disagree that this constituted a straw purchase or that he had done anything wrong. [HT, pg. 108]. Ultimately, I find Licensee's invalid application of the law to be unavailing as it appears to be a product of convenience, not confusion and find that a false statement was knowingly made in certifying that Buddy Norris was the actual purchaser of the firearm.

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification and compliance inspection process as it concerns the verification of the actual purchaser of a firearm and the certification of such statements. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

13. Violation 7 of the Notice alleges six occasions that Licensee willfully failed to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, from the transferee prior to making an over-the-counter transfer of a firearm to a non-licensee, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1). The Government, through the statements of IOI Ferris, presented information that Licensee failed to ensure proper completion of Item 21 of the ATF Form 4473 or failed to terminate transactions, based upon "yes" responses to questions in Item 21. [Gov. Ex. 11; HT, pgs. 110-119]. Licensee offered no defense at the hearing and, at the closing conference, blamed purchasers for not "read[ing] the form." [Gov. Ex. 3].

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification and compliance inspection process as it concerns the proper

Page 6 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

completion of Item 21 of the ATF Form 4473, including ensuring that purchasers properly completed this section of the Form. [Gov. Ex. 2]. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

14. Violation 8 of the Notice alleges eight occasions that Licensee willfully transferred a firearm to a non-licensee without verifying the identity of the transferee by examining the identification document presented and noting the type on a Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(i). The Government, through the statements of IOI Ferris, presented information that Licensee failed to properly record identification information in Item 26.a of the ATF Form 4473. [Gov. Ex. 12; HT, pgs. 121-128]. Licensee offered no defense to this allegation and instead stated that this was simply a "common error." [HT, pg. 128].

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification inspection process as it concerns proper completion of an ATF Form 4473. [Gov. Ex. 2]. I find that these errors stem from, at a minimum, carelessness, and based on Licensee's comment at the hearing, was in fact, due to plain indifference to the rules and regulations. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

15. Violation 9 of the Notice alleges nine occasions that Licensee willfully transferred a firearm to a non-licensee without recording the date the Licensee contacted NICS, any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv). The Government, through the statements of IOI Ferris, presented information that Licensee failed to properly record NICS information in Item 27 of the ATF Form 4473. [Gov. Ex. 13; HT, pgs. 128-137]. Licensee, through RP Roger Theede, offered no defense to the record keeping component of this violation, but alluded that it was irrelevant as they otherwise complied with NICS requirements on the Forms at issue. [HT, pg. 137]. When confronted about that defense, RP Roger Theede acknowledged that every item on the ATF Form 4473 is required by law to be completed properly. [HT, pg. 137-138].

Licensee had previously been counseled on GCA legal requirements and obligations as a licensee in the qualification inspection process as it concerns proper completion of an ATF Form 4473. [Gov. Ex. 2]. I find that these errors stem from, at a minimum, carelessness and, based on Licensee's comment at the hearing, was in fact due to plain indifference to the rules and regulations. Therefore, I find that this violation occurred and was willful. See Paragraph 7 and Section III Application of Legal Standard in further support of this finding.

16. I make no findings as to Violation 1 and did not rely upon it in making my conclusions.

Page 7 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

## III. APPLICATION OF LEGAL STANDARD TO FINDINGS

Pursuant to the GCA and as found at 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license when a licensee willfully violates the GCA, and regulations promulgated thereunder.

For the Government to prove a willful violation of the Federal firearms statutes, it need only establish that a licensee knew of the legal obligations and "purposefully disregarded or was plainly indifferent" to the legal requirements. *See Borchardt Rifle Corp. v. Cook*, 684 F.3d 1037, 1042-43 (10th Cir. 2012) (holding that plain indifference towards a known legal obligation meets the willfulness requirement and that this may be shown with circumstantial evidence); *see also Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir.1979); *On Target Sporting Goods, Inc. v. Attorney General of the United States*, 472 F.3d 572 (8th Cir. 2007) (violations by Federal firearms licensee were deemed willful and justified ATF's licensing action when the licensee committed violations such as failure to keep proper acquisition and disposition records; ATF informed the licensee's owner of the firearms record-keeping duties and the owner admitted falling behind in these responsibilities); *Trader Vic's v. O'Neill*, 169 F.Supp.2d 957, 965 (N.D. Ind. 2001) (finding a licensee has a duty to be cognizant of the rules and regulations issued by ATF and has a duty to follow those mandates in the course of his regulated business activities).

Additionally, any single willful violation of the Federal statutes or regulations controlling the firearms industry can be a basis for revoking or denying a license. *CEW Properties, Inc. v. U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 979 F.3d 1271, 1280 (10th Cir. 2020), *citing Fairmont Cash Mgmt., L.L.C. v. James*, 858 F.3d 356, 362 (5th Cir. 2017) ("A single willful violation authorizes the ATF to revoke the violator's [license], regardless how severe, though the frequency and severity of the violations can be relevant to willfulness."). *See Gun Shop, LLC. v. United States Dep't of Justice*, No. 4:10-CV-1459 (MLM), 2011 WL 2214671, at *6 (E.D. Mo. June 3, 2011) ("By the statute's plain language, even a single willing violation can trigger ATF's power of revocation."), *citing American Arms Int'l v. Herbert*, 563 F.3d 78, 86 (4th Cir. 2009); *see also General Store, Inc. v. Van Loan*, 560 F.3d 920, 924 (9th Cir. 2009); *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647 (6th Cir. 2008); *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 498 (7th Cir. 2006).

As detailed in my findings, the record establishes that Licensee understood the legal requirements concerning the violations documented in the Notice. Specifically, ATF reviewed the applicable laws and regulations with Licensee during the 2007 qualification and 2017 compliance inspections. ATF provided Licensee with resource materials and Licensee acknowledged being familiar with, or having reviewed, the various resources provided by ATF. [*See* Gov. Ex. 2]. Licensee also demonstrated on other occasions the ability to properly comply with these requirements.

Licensee asserted that many of the errors were "common errors" or "oversights". [*See, e.g.*, HT, pgs. 61, 128]. However, the GCA does not require an intentional criminal act to establish willfulness and the Government is not required to show that the violations occurred with any bad purpose. *Lewin*, 590 F.2d at 269; *On Target*, 472 F.3d at 575. Instead, a

Page 8 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

purposeful disregard or plain indifference to a known legal obligation is legally sufficient to show willfulness.

Furthermore, "'[i]mproper recordkeeping is a serious violation.'" *Fin & Feather Sport Shop, Inc. v. U. S. Treasury Dept.*, 481 F. Supp. 800, 806 (Neb. 1979) *quoting Huddleston v. United States*, 415 U.S. 814, 824 (1974). "[A] firearms dealer, by failing to keep the required records, seriously undermines the effectiveness and purpose of the Act and ultimately endangers society." *Fin & Feather*, 482 F. Supp. at 806. ATF has the right to insist on total compliance with the GCA to retain the privilege of dealing in firearms. *Willingham Sports, Inc. v. ATF*, 348 F.Supp.2d 1299, 1309 n.14 (S.D. Ala. 2004) ("gravity of the policy objectives of the Gun Control Act, from both a law enforcement standpoint and a safety standpoint, strongly militates in favor of allowing the ATF to insist on total compliance as a condition of retaining the privilege of dealing in firearms."); *Dick's Sport Center, Inc. v. Alexander*, No. 2:04-CV-74482, 2006 WL 799178, at *5 (E.D. Mich. Mar. 29, 2006) (a licensee's "failure to comply with exacting book keeping regulations may hinder the ATF's ability to perform its mandated function.").

Periodic compliance, such as a licensee's occasional adherence to regulatory obligations, also supports a finding of willfulness. *CEW Properties*, 979 F.3d at 1280, *citing Simpson v. Att'y Gen.*, 913 F.3d 110, 115-16 (3d Cir. 2019) (noting that a licensee's "full compliance with [Gun Control Act] requirements in some instances belies his assertion that he did not understand those requirements," and his "inconsistent conduct suggests both that [he] knew of his obligations and was indifferent to complying with them.").

While this is Licensee's first instance of having violations cited, the number of violations, and seriousness (such as failure to run background checks and making a false statement in facilitating a straw purchase), are enough to suggest willfulness. *CEW Properties*, 979 F.3d at 1280. Moreover, in conjunction with showing that a licensee has acknowledged that it has been made aware and understands its legal obligations with respect to the GCA, the "quantity and seriousness" of the violations justify revocation of a license. *Id.* Although Licensee asserted a lack of understanding as an excuse, Licensee signed and acknowledged that it had been trained on the requirements of the GCA on two separate occasions.[2] Furthermore, other courts have supported revocation without evidence of a significant compliance history. *See Borchardt*, 684 F.3d at 1043; *Nat'l Lending Grp., LLC v. Holder*, 365 F. App'x 747, 749 (9th Cir. 2010) (unpublished) ("Although a history of regulatory violations or an admission of culpability constitute evidence of willfulness, Licensees provide no authority for the contention that these are the only means by which willfulness can be established."); *Nat'l Lending Group v. Mukasey*, No. CV 07–0024–PHX–PGRET, 2008 WL 5329888, at *8 n.13 (D. Az. Dec. 19, 2008) (no requirement to show there have been prior warnings in order to establish willfulness); *Francis v. ATF*, 2006 WL 1047026, at *4 (E.D. Okla. Apr. 20, 2006) (holding it does not logically follow that repeated violations following warnings are necessary to find willfulness); *Taylor v. Hughes*, 2013 WL 752838, at *3 (M.D.Pa.,2013); *Harrison v. United States ex rel. Department of the*

---

[2] Licensee contested the multiple sales report violations stating that it misunderstood the timeline for submission of an ATF Form 3310.4. This argument is meritless however as *CEW Properties* holds that evidence of ATF training directly refutes that contention. *CEW Properties*, 979 F.3d at 1279-80.

Page 9 – ATF Form 5300.13, Final Notice of Revocation (Heartland Outdoor, Inc.)

*Treasury,* 2006 WL 3257401 *6 (E.D. Okla., Nov. 9, 2006) (Federal firearms dealers have an affirmative duty to know and understand the requirements for retaining their license).

I further note that every section of the Form 4473 is important and must be completed correctly. The required information is on the form for specific reasons to ensure the traceability of firearms and promote public safety and therefore must be afforded care and attention. A critical responsibility of a licensee is to help ensure that the GCA requirements are met. *See A-TAC Gear,* 530 F.Supp.3d at 1039 ("ATF cannot monitor every single firearms dealer at every moment. The Act's effectiveness thus rests largely on dealers' taking its regulations seriously."). Licensee's systemic problems with recording and maintaining compliant records, and failures to conduct and properly record background checks, undermines the GCA's public safety directive.

## III. CONCLUSIONS

After presiding over the hearing and giving a full review and consideration of all the testimony and exhibits provided in the administrative record, I find and conclude that Licensee willfully violated the provisions of the GCA, and the regulations issued thereunder. Even though Licensee understood the responsibilities under the GCA, the record establishes that Licensee was plainly indifferent to, or purposefully disregarded, the firearms laws and regulations as documented and thoroughly discussed and reviewed herein.

Based on the above findings and application of the legal standards, in sum I conclude as follows:

1.  Licensee was familiar with the requirements imposed upon a Federal firearms licensee;

2.  Licensee willfully committed Violations 2 through 9 in the Notice and as set forth in the Findings section;

3.  I find that Heartland Outdoor, Inc., as well as RPs Steven Theede and Roger Theede are each willful violators of the GCA; and

4.  My findings and conclusions are the basis for my determination to revoke the licenses.

THEREFORE, as provided by 18 U.S.C. §§ 923(e) and 923(f) and 27 C.F.R. §§ 478.73 and 478.74, Federal firearms license # 5-48-155-01-5D-01459 held by Heartland Outdoor, Inc., is hereby **REVOKED**.

CERTIFIED MAIL

9589 0710 5270 0184 7465 86

U.S. DEPARTMENT OF JUSTICE
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
1251 NW Briarcliff Parkway
Suite 600
Kansas City, MO 64116
OFFICIAL BUSINESS PENALTY FOR PRIVATE USE $300

Heartland Outdoor Inc.
d/b/a Heartland Outdoor
1 Heartland Drive
South Hutchinson, KS 67505

E 1363.3