**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| WEB GUY ENTERPRISES, LLC d/b/a ) <br> St. Joe Guns, ) <br>                                    ) <br>           Petitioner,         ) <br>                                    ) <br> v.                               ) <br>                                    ) No. 15-06139-CV-SJ-DW <br> WILLIAM L. BOWERS,       ) <br> Director of Industry Operations – Bureau of ) <br> Alcohol, Tobacco, Firearms and Explosives, ) <br>                                    ) <br>           Respondent.         ) | |

**ORDER**

Before the Court is the Motion for Summary Judgment (Doc. 42) filed by William L. Bowers, Director of Industry Operations for the Bureau of Alcohol, Tobacco, Firearms and Explosives. After a de novo review of the record, the Court finds that there is no genuine dispute as to any material fact. Therefore, summary judgment is appropriate as a matter of law and the motion will be granted.

**I. Background**

Web Guy Enterprises, LLC ("Web Guy") sells firearms in St. Joseph, Missouri under the name St. Joe Guns. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") denied Web Guy's application to renew its federal firearms license after a compliance inspection uncovered multiple violations of federal firearms statutes and regulations. Web Guy then requested a hearing before an ATF hearing officer to contest the denial. Following the hearing, Director Bowers decided not to reverse the decision to deny the application. Web Guy now seeks judicial review by this Court.

EXHIBIT

7

Eric Worsham, Web Guy's owner and sole responsible person, was aware of his responsibilities as a federal firearms licensee. Web Guy received its license to deal firearms in 2012 after ATF conducted an application inspection in March of 2012. At the inspection, an ATF investigator reviewed the relevant firearm laws and regulations with Mr. Worsham. Admin. Record ("AR") 0035-36, 0483. The investigator also provided Mr. Worsham with reference information and resources regarding the requirements and expectations of a licensee. AR 0037-39, 0484. Mr. Worsham signed an Acknowledgment of Federal Firearms Regulation form (AR 0680-681) stating that the information listed on the form regarding firearm laws and regulations and answered had been explained to him, his questions regarding this information had been answered, and he was responsible for familiarizing himself with all of the laws and regulations governing his licensed firearm business. AR 0483-484.

A little over two years later, ATF contacted Web Guy on April 23, 2014 to schedule a compliance inspection starting on April 29, 2014. Web Guy requested and ATF agreed that the inspection would be held an additional week later. Beginning on May 6, 2014, ATF conducted a compliance inspection of Web Guy covering a period from June 2012 to May 2014. The inspection disclosed that Web Guy had committed the following violations:

Violation 1: willfully conducting business at an unauthorized location other than the licensed premises address, in violation of 18 U.S.C. § 923(j) and 27 C.F.R. § 478.50;

Violation 3: willfully failing to maintain records of importation, production, shipment, receipt, sale, or other disposition, whether temporary or permanent, of firearms as prescribed, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.121(c);

Violation 4: willfully failing to timely record the acquisition of approximately 417 firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(a);

Violation 5: willfully failing to accurately or correctly record the acquisition of approximately 46 firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(a);

Violation 6: willfully failing to timely record the disposition of approximately 7 firearms to licensees, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(b);

Violation 7: willfully failing to accurately or correctly record the disposition of approximately 4 firearms to licensees, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(b);

Violation 8: willfully failing to timely record the disposition of approximately 322 firearms to nonlicensees, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(d):

Violation 9: willfully failing to accurately or correctly record the disposition of approximately 47 firearms to nonlicensees, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(d);

Violation 10: willfully transferring a firearm to an unlicensed person on approximately 11 occasions without complying with the National Instant Criminal Background Check System ("NICS"), in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a);

Violation 11: willfully selling or delivering a firearm on approximately 3 occasions to a person the licensee knew or had reasonable cause to believe was subject to federal firearm disabilities, in violation of 18 U.S.C. § 922(d)(1), (5) and 27 C.F.R. § 478.99(c)(1), (5);

Violation 12: willfully failing to obtain a Form 4473 from the transferee with the required information prior to making an over-the-counter transfer of a firearm to a nonlicensee on approximately 15 occasions, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1);

Violation 16: willfully failing to retain each Form 4473 in alphabetical, chronological, or numerical order, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(b).

Following the administrative hearing, based on these violations, Director Bowers decided to not reverse the decision to deny Web Guy's application to renew its license. AR 0598-606.

**II. Discussion**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Under the Gun Control Act of 1968, an applicant for a license to sell firearms must not have "willfully violated any of the provisions of [18 U.S.C. Ch. 44] or regulations issued thereunder." 18 U.S.C. § 923(d)(1)(C). If the Attorney General denies an application for a

license, the applicant may request an administrative hearing pursuant to 18 U.S.C. § 923(f)(2). Following such a hearing, if the Attorney General decides not to reverse the denial, the applicant may petition the district court for a de novo judicial review of the denial. 18 U.S.C. § 923(f)(3). In deciding whether the Attorney General was authorized to deny the application, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the administrative hearing. Id.

To show a willful violation of the federal firearms statutes, the government "need only establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the record-keeping requirements." On Target Sporting Goods, Inc. v. Att'y Gen., 472 F.3d 572, 575 (8th Cir. 2007) (internal citations and quotations omitted). A showing of bad purpose is not required. Id.

Worsham admitted at the administrative hearing that most, if not all, of the violations cited in the Final Notice of Denial of Application occurred. Regarding Violation 3, Worsham admitted to not keeping a compliant acquisition and disposition book from March 4, 2014 to April 22, 2014. AR 0407. Regarding Violations 4 through 9, Worsham did not contest that the bulk of the approximately 800 firearms acquisitions or dispositions at issue were recorded untimely or incorrectly. AR 0412, 425, 433-436, 509-510. As for Violation 10, he did not dispute that transfers were made that were not in compliance with NICS. AR 0461. Worsham also agreed that 3 transfers were made to persons, despite said persons informing Web Guy that they were prohibited from possessing a firearm, see Violation 11. AR 0459-460. Lastly, regarding Violation 12, he did not dispute the Form 4473 errors. AR 0459.

Although Web Guy argues that the violations were not committed willfully, the Court does not agree. Web Guy alleges that, due to a computer hard drive crash on March 4, 2014, it

lost its data, including its acquisition and disposition records. Web Guy claims it was attempting to recreate its records, but had not finished the task when the compliance inspection took place.

First, Worsham was made well aware of the requirements and expectations of a federal firearm licensee at the application inspection as shown above. The record shows that Web Guy continued to buy and sell firearms after the March 4, 2014 hard drive crash. AR 0527. Web Guy did not, however, keep any records of these subsequent acquisitions or dispositions, either written or electronic. AR 0527-528. It was not until ATF contacted Web Guy to set up a compliance inspection on April 23, 2014, over 7 weeks after the crash, that Web Guy began attempting to document the required information. AR 0524-525. This all occurred, despite the fact that Worsham knew how to keep written records of acquisitions and dispositions, and had kept written records in the past. AR 0527. The failure to keep timely and accurate records following the crash evidences Web Guy's plain indifference to a known legal obligation. See On Target, 472 F.3d at 575 (Violations were willful where licensee fell behind on his record-keeping responsibilities and did not meet firearm recording requirements, despite having been informed of said duties).

In addition, several of the violations had nothing to do with the hard drive crash. Web Guy's multiple failures to comply with NICS requirements in Violation 10, as well as the 3 transfers to persons known to be prohibited in Violation 11, all of which were undisputed at the hearing, also show plain indifference to a known legal obligation. Under 18 U.S.C. § 923, "(a)ny single violation of the federal statutes or regulations controlling the firearms industry can be a basis for denying an application for a new license or revoking an existing license." Trader Vic's Ltd. v. O'Neill, 169 F.Supp.2d 957, 963 (N.D. Ind. 2001) (quoting DiMartino v. Buckles, 129

5

F.Supp.2d 824, 832 (D. Md. 2001), aff'd by unpublished order, DiMartino v. Buckles, 19 Fed. App'x 114 (4th Cir. 2001)).

Based on the foregoing, the Court finds no genuine dispute as to whether Web Guy committed multiple willful violations of federal firearms laws and regulations. Consequently, Mr. Bowers was authorized under the law to deny the application to renew Web Guy's federal firearms license, and summary judgment is appropriate. Furthermore, as no relevant facts are in dispute, a hearing is not necessary.

Accordingly, it is ORDERED that the Motion for Summary Judgment (Doc. 42) is GRANTED. The Clerk of Court shall enter judgment in favor of Respondent on the Petition for Judicial Review.

IT IS SO ORDERED.


Date:  January 10, 2017                              /s/ Dean Whipple
                                                    Dean Whipple
                                            United States District Judge