IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brett Ruff and Bismanguns, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER DENYING PLAINTIFFS'** |
| vs. ) | **MOTION TO STAY** |
| ) | |
| Bureau of Alcohol, Tobacco, ) | |
| Firearms and Explosives, ) | |
| ) | Case No. 1:23-cv-033 |
| Defendant. ) | |

Before the Court is the Plaintiff's motion to stay filed on March 29, 2023. See Doc. No. 7. The Plaintiff seeks what amounts to a preliminary injunction prohibiting enforcement of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") order revoking the Plaintiffs federal firearms licenses. The Defendant filed a response in opposition to the motion on April 12, 2023. See Doc. No. 13. The Plaintiffs did not file a reply brief. For the reasons set forth below, the motion is denied.

I.  **BACKGROUND**

Pursuant to 18 U.S.C.§§ 923(e) and (f) and 27 C.F.R. § 478.73, the Attorney General may, after notice and an opportunity for a hearing, revoke a federal firearms license if the holder of the license has willfully violated any provision of the Gun Control Act ("GCA"), 18 U.S.C. § 921 et seq., or the regulations issued under the authority of the GCA. In February 2022, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") initiated compliance inspection on licensee Bismanguns, LLC. ATF utilized the authority of the GCA to take action against Bismanguns and Bret Ruff. Bismanguns held three federal firearms licenses: 3-45- 015-01-3K-01370 ("License 01370"), 3-45-015-06-3K-01371("License 01371"), retired number

**EXHIBIT 10**

3-34-015-01-2D-00800 ("License 00800"), and Bret Ruff owned one: 3-45d-043-01-5B-0988 ("License 00988"). As a result of these inspections, on August 22, 2022, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine to Bismanguns, citing seven separate violations. Bismanguns, through responsible person Bret Ruff, timely requested a hearing which was conducted on October 4, 2022. Ruff was present at the hearing and represented himself and Bismanguns.

On or about January 3, 2023, the ATF issued a final notice of revocation along with findings of fact and conclusions of law. See Doc. No. 1-3. As to the first two violations, ATF found that on twenty-three occasions Bismanguns failed to timely and/or accurately record the acquisition of firearms in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). As to the third violation, ATF found that on two occasions, Bismanguns willfully transferred a firearm to an unlicensed person without first contacting that National Instant Criminal Background Check System ("NICS") in violation of 18 U.S.C.§ 922(t) and 27 C.F.R. § 478.102. As to violation four, ATF found that on fifteen occasions, Bismanguns willfully failed to timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person, in violation of 18 U.S.C.§ 923(g)(3)(A) and 27 C.F.R.§ 478.126(a). As to violation five, ATF found that on six occasions Bismanguns willfully made a false entry in, failed to make appropriate entry in, or failed to properly maintain any record of receipt sale or other disposition as required by the GCA in violation of 18 U.S.C. § 922(m) and 27 C.F.R.§ 478.121(c). As to violation six, ATF found that on one occasion, Bismanguns willfully sold or otherwise disposed of a firearm to an unlicensed person without recording the transaction in the Firearms Transaction Record in violation of 18

U.S.C.§§ 922(b)(5), 932(g)(1)(A), and 27 C.F.R.§ 478.124(a). Finally, as to violation seven, ATF found that on thirty-one occasions, Bismanguns willfully failed to execute or obtain the Firearms Transaction Record in violation of 18 U.S.C. § 922(m) and 27 C.F.R.§ 478.21(a). The ATF concluded Bismanguns and Ruff had on multiple occasions willfully violated the GCA, were indifferent to their legal obligations, and attempted to interfere with the ATF inspection and investigation. Consequently, the ATF revoked all the federal firearms licenses held by Bismanguns and Ruff.

On January 18, 2023, ATF Director of Industry Operations Hans Hummel authorized continued operations and stay of the revocation for Bismanguns and Ruff during the sixty day time period allowed to file a petition(s) for de novo review. See Doc. No. 1-4. The Plaintiffs filed their petition seeking de novo review in federal court on February 16, 2023. See Doc. No. 1. The Plaintiffs now seek an additional stay so they may continue to sell firearms. See Doc. No. 7.

II.     **LEGAL DISCUSSION**

The Plaintiffs seek a "stay" which amounts to a preliminary injunction and the Court will treat it as such. The primary purpose of a preliminary injunction is to preserve the status quo until a court can grant full, effective relief upon a final hearing. Ferry-Morse Seed Co. v. Food Corn, Inc., 729 F.2d 589, 593 (8th Cir. 1984). A preliminary injunction is an extraordinary remedy, with the burden of establishing the necessity of a preliminary injunction placed on the movant. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003); Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking

Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). The court determines whether the movant has met its burden of proof by weighing the factors set forth in Dataphase Systems, Inc., v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). The *Dataphase* factors include "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)); see CDI Energy Servs., Inc. v. W. River Pumps, Inc., 567 F.3d 398, 401-03 (8th Cir. 2009). The balance of harms and public interest factors merge when the government is the opposing party. Nken v. Holder, 556 U.S. 418, 435 (2009). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). A plaintiff seeking an "injunction[ ] against the enforcement of statutes and regulations" must "show that it is more likely than not to prevail," a higher standard than the typical "fair chance" requirement, as statutes and regulations "are entitled to a higher degree of deference and should not be enjoined lightly." Sleep No. Corp. v. Young, 33 F.4th 1012, 1016 (8th Cir. 2022) (internal quotations omitted).

In this case, the Plaintiffs have not addressed their probability of success on the merits. They make no argument that the troubling ATF findings of fact are inaccurate. There is no evidence in the record which controverts the ATF determination that the Plaintiffs repeatedly and willfully failed to maintain proper records. Noticeably absent from the record before the

Court is a transcript of the administrative hearing. Failure to demonstrate a likelihood of success on the merits is reason enough to deny a request for a preliminary injunction. Watkins Inc., 346 F.3d at 844.

The Plaintiffs focus on the economic impact on them related to the revocation of their licenses which makes it difficult for Ruff to earn a living. However, the assertion is not supported by affidavit or any other admissible evidence. The balance of harms and the public interest would seems to favor the ATF as well, as the ATF is obligated to enforce firearms sales regulations and there clearly exists a need to protect the public from illegal firearms sales. The Court concludes the *Dataphase* factors clearly weigh against a preliminary injunction.

### III.  CONCLUSION

Upon careful review of the entire record and careful consideration of all of the *Dataphase* factors, the Court finds the stay/preliminary injunction requested by the Plaintiffs is unwarranted under the circumstances. The motion lacks any meaningful *Dataphase* analysis or affidavits explaining why the ATF revocation was improper. Nor do the Plaintiffs articulate how they expect to prevail upon a de novo review. The Plaintiffs have failed to meet their burden and have also failed to comply with the provisions of Rule 65 of the Federal Rules of Civil Procedure. None of the *Dataphase* factors weigh in favor of granting a preliminary injunction in this case. Accordingly, the Plaintiff's motion (Doc. No. 7) and motion for hearing (Doc. No. 8) are **DENIED**. The motion to expedite (Doc. No. 11) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 11th day of May, 2023.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court